## Miller, et al. v. Huston, et al.

(Decided May 12, 1911.)

### Appeal from Laurel Circuit Court.

Land—Action in Ejectment—Pleading—Issue—Demurrer Improperly Overruled—Held, it is manifest that appellant's answers as last amended put in issue every averment of the petition essential to appellee's recovery of the land in controversy, and tested by every known rule of pleading they should have been held sufficient. As the demurrers of appellees confessed the facts pleaded we are at a loss to understand upon what principle the circuit court could have rendered judgment for appellees, on the face of the pleadings. Judgment reversed with directions to the lower court to grant appellant a new trial.

BROWN & NICKOLS, W. L. BROWN and G. G. BROCK, for appellant.

SAM C. HARDIN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action in ejectment was brought by the appellees, John P. Huston and Martha M. Huston, against the appellants, Rosa T. Tinch, M. W. Tinch and M. A. Miller, its object being to recover 200 acres of land situated in Laurel County, known as the "Moses Kemper Home Place," the boundary of which is set forth in the petition.

It is averred in the petition that appellees are the owners and entitled to the immediate possession of the land described; that the appellants, Rosa Tinch, and M. W. Tinch, are without right or title wrongfully in the possession of the land, and had for three years deprived appellees of the possession thereof; that the appellant, M. A. Miller owns an undivided interest in the land of 1-25, and was made a party defendant to the action as she had refused to join therein as a plaintiff. Judgment was prayed for the possession of the land, and for $300 damages against the appellants, Rosa and M. W. Tinch, for its alleged unlawful detention by them. The appellants, Rosa and M. W. Tinch filed a joint answer and the appellant, M. A. Miller, a separate answer and counterclaim to the petition, to each of which the circuit court sustained a demurrer.

The answer, and answer and counterclaim, were three times amended. Following the filing of the first and second amendments the demurrers were again sustained, but the third amendments were, on appellees' motion, stricken from the record by the court, and the case submitted for judgment on the pleadings. The court thereupon rendered judgment in appellees' favor as prayed in the petition. From that judgment, and several rulings of the circuit court sustaining the demurrers, this appeal is prosecuted.

If we arrive at the conclusion that the amendments last filed by appellants to their original answers, respectively, enabled them, as thus amended, to present a good defense to the cause of action stated in the petition, it will be unnecessary to determine whether the

ruling of the circuit court in sustaining the demurrers following the filing of the two previous amendments was error; indeed, it would be a useless consumption of time and space to do so. It, therefore, only remains to be ascertained whether the pleadings in question, as last amended, present a good defense. That of the appellants, Rosa and M. W. Tinch, contains in its several paragraphs the following matters of defense: (1) A specific denial that appellees own the 200 acres of land described in the petition, or any part thereof, or that they are entitled to the possession of same or any part thereof. (2) An equally specific denial that they (appellants) are in the possession of the land described in the petition, or any part thereof. (3) An averment that S. E. Owsley, J. H. Hutchins, and M. A. Miller each owns an undivided interest in the land described in the petition, and that if appellees have any interest in the land it is as joint owners with the persons named and such interest is an undivided one; that J. H. Hutchins, one of the joint owners, has been adjudged a bankrupt and a trustee in bankruptcy has been appointed for him, and that such trustee, whose name is unknown to appellees, is a necessary party to the action. (4) An averment in substance that the appellees, Rosa and M. W. Tinch, own a strip of ground fully described, 80 by 61 yards in size, adjoining the 200 acre tract of land described in the petition, upon which they have erected valuable improvements and of which they and their tenants have had actual possession, under claim of title to a well defined marked boundary, adversely to appellants and all others, for nine years before the institution of appellants' action; that this small parcel of ground is illegally claimed by appellees to be a part of the 200 acre survey described in the petition, but that it is not a part of or included in the 200 acre boundary. (5) An averment in substance that before and when the appellants, Rose and M. W. Tinch, by purchase and deed acquired title to the parcel of land referred to, the 200 acre tract described in the petition was owned by James Huston, a son of appellees; that they (appellants) being advised that he had claimed, or might claim, that the small parcel of land of which they are now the owners, was a part of the 200 acre tract, informed him and the appellee, John Huston, of their contemplated purchase of same and inquired of them whether James Huston claimed it as a part of

the 200 acre tract, and were told by them that he did not claim it and that it was not a part of the 200 acres; that they were induced by these representations and disclaimer of James Huston and John Huston to buy the small parcel of land; and if it should be ascertained by a survey of the 200 acre tract that its boundary includes the smaller parcel, they plead the representations and disclaimer of James and John Huston as an estoppel against appellees, his vendees and to their recovery of the land, but if such estoppel can not prevent such recovery, that appellants in that event be allowed the value of the improvements they put on the land and be given a lien thereon for same.

The answer and counterclaim of the appellant, Miller, as finally amended, not only denies appellees' ownership of the 200 acre tract of land described in the petition, but alleges in substance, that her interest therein is an undivided one-sixteenth instead of one twenty-fifth as alleged in the petition; that an undivided one-fourth thereof was owned by J. H. Hutchins, whose trustee in bankruptcy is a necessary party to the action; that W. T. Brooks owns an undivided half of the land, and is a necessary party to the action, and that she, Brooks and Hutchins' trustee, are in the actual possession of the 200 acre tract jointly with appellees; that appellees' pretended ownership thereof, and claim that her interest is only an undivided one twenty-fifth, cast a cloud upon her title and that of the other joint owners, which the court is asked to remove and that the case be transferred to equity for a decree to that effect.

The answer and counterclaim contains the further averments that M. A. Miller in addition to her interest in the 200 acre tract of land owns the title to and is in possession of a tract of 18 acres described in the answer and counterclaim as amended, which adjoins the 200 acre tract but is wholly outside of the boundary thereof; that appellees falsely claim and pretend to own the 18 acre tract and that it is a part of the 200 acre boundary, which pretended claim is hostile to her title, casts a cloud thereon and will continue to annoy her, unless removed by a judgment of the court; that the small parcel of land owned by Rosa and M. W. Tinch was a part of the 18 acre tract referred to, and the alleged estoppel created by the disclaimer of James and John Huston that they

owned any part of the Tinch land, was pleaded by the appellant, Miller.

Without further statement as to the contents of the pleading in question, or that of the appellants, Rosa and M. W. Tinch, it is manifest that they put in issue every averment of the petition essential to appellees' recovery of the land in controversy, and we are at a loss to know upon what grounds the circuit court held them insufficient. While these pleadings might have more briefly presented the matters of defense therein alleged than was done, tested by every known rule of pleading they should have been held sufficient. As the demurrers of appellees confessed the facts pleaded, we are at greater loss to understand upon what principle the circuit court could have rendered judgment in appellee's favor upon the face of the pleadings. The court erred in striking the last amendments from the record, and also in rendering judgment for appellees on the pleadings.

In view of the conclusion we have reached, and its evident correctness, as demonstrated by the pleadings of the appellants, further discussion of the subject will be unnecessary.

For the reasons indicated the judgment is reversed with direction to the lower court to grant appellants a new trial, permit the pleadings to be completed, make Brooks, Hutchins and the latter's trustee parties to the action, and for such further proceedings as may be consistent with the opinion.